This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.               **NO. 31,241**

**ADRIAN GONZALES**,

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. Shoobridge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

Defendant appeals his convictions for shoplifting over $2500 and conspiracy to shoplift. We proposed to affirm in a calendar notice, and we have received a memorandum in opposition to our notice and a motion to amend the docketing statement. We have duly considered Defendant's arguments, but we find them unpersuasive. We deny the motion to amend the docketing statement. We affirm.

Defendant claims that he did not "willfully take possession of or conceal any merchandise" with the intent to convert it without paying for it and he did not engage in a conspiracy to do so. [MIO 1] Defendant contends that there were several items that had no store tags and, without values for the items, the evidence was insufficient to support the convictions. According to Defendant, the evidence showed that the value of the stolen items was less than $2500, and therefore, the district court erred in denying the instruction offered for shoplifting items under $2500.

The store manager testified that she used the computer database to find the retail price of each item taken, but she could not say "what the actual sale price of each item was" on the day of the theft. [MIO 5] There were items without store tags, but they were items carried by the store. [MIO 9] The list price of an item presumptively represents the seller's determination of what a customer is willing to pay, and it is prima facie proof of value. *See State v. Contreras*, 1996-NMCA-045, ¶ 6, 121 N.M. 550, 915 P.2d 306. Defendant could have rebutted the evidence by showing that the

store typically offers discounts for the merchandise. *See id.* There is nothing to indicate that Defendant offered such proof. Instead, Defendant seeks to eliminate from the total value of the merchandise all items that had no store tag. We propose to hold that the evidence presented, and not rebutted by Defendant, was sufficient to support the conviction. Accordingly, we propose to hold that it was not error to refuse Defendant's proffered instructions describing a lower value for the merchandise.

Defendant claims that there was insufficient evidence to show that he engaged in a conspiracy to commit shoplifting. Defendant claims that there was no evidence to show that he agreed with another, by words or acts, to commit the crimes. Based on the docketing statement and the memorandum in opposition, the evidence showed that Defendant entered the store with co-defendants, he stood near the entrance of the store during the time that the items were stolen, he left the store with co-defendants, he got into a car with co-defendants, and when the car was stopped, Defendant was sitting on top of one of the stolen items. Although conspiracy requires an agreement, an agreement can be found when there is a mutually implied understanding as shown by cooperative actions of those charged with the crime. *State v. Roper*, 2001-NMCA-093, ¶ 8, 131 N.M. 189, 34 P.3d 133. The agreement underlying a conspiracy need not be verbal and can be shown by circumstantial evidence; the agreement can be established by acts showing that Defendant knew of and participated in the plan to

3

commit the offense. *See State v. Gallegos*, 2011-NMSC-027, ¶ 26, 149 N.M. 704, 254 P.3d 655. The evidence was sufficient to support Defendant's conviction for conspiracy.

For the reasons discussed in this opinion and in our calendar notice, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**RODERICK T. KENNEDY, Judge**